# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8021 | **DATE** | 3/30/2001 |
| **CASE TITLE** | David Penn vs. Chicago State University, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Wendell Mack's motion to dismiss is granted. All claims directed against him are dismissed. Harris and Jones' motion for summary judgment is granted. Counts V and XIV of Penn's complaint are dismissed.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 30 2001 date docketed | 45 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 3/30/2001 date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | WAP mailing deputy initials | |


FILED
MAR 30 2001
Judge Harry D. Leinenweber
U.S. District Court

DOCKETED
MAR 3 0 2001

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID PENN, <br><br> Plaintiff, <br><br> v. <br><br> CHICAGO STATE UNIVERSITY, et al., <br><br> Defendants. | 99 C 8021 <br><br> Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

David Penn was arrested and allegedly beaten by Chicago State University police. He is suing Chicago State University ("Chicago State"), Veronica Harris, Melvin Jones, Wendell Mack, and unknown supervisors (the "officers") under 28 U.S.C. §§ 1983 and 1988 for violating his Fourth, Fifth, and Eighth Amendment rights, malicious prosecution, and false arrest. Before the Court is Mack's Rule 12(b)(6) motion to dismiss all of Penn's claims against him and Harris and Jones' motion for summary judgment on Counts V (conspiracy) and XIV (false arrest and malicious prosecution).

### BACKGROUND

During the fall semester of 1998, Penn was a full-time student at Chicago State. In the early morning hours of December 10, 1998, a fire alarm sounded in Penn's dormitory, which was evacuated. Officers Harris, Jones, and Mack were employed as Campus Police Officers on December 10, 1998, and assisted in the dormitory's evacuation. The fire alarm proved to be a false one, but the

students remained outside for about forty-five minutes. Seeing no reason to continue standing in the cold with little clothing, the students became agitated and sought readmittance to the dormitory. The crowd of almost 300 students grew angry, and Penn and others began yelling and beating on the windows.

Harris motioned for Penn to come inside. Once he was inside, the officers allegedly beat and kicked him. The officers arrested Penn and charged him with battery against Harris. Penn was held for several hours and released on a personal recognizance bond. Penn's battery charge was later stricken with leave to reinstate.

The officers contend that Penn was engaging in disorderly conduct by inciting the crowd outside. They brought Penn inside to separate him from the others and allegedly had probable cause to arrest him for disorderly conduct. Arguing that the disputed events occurring inside the dormitory are irrelevant for summary judgment purposes, the officers do not articulate their version of the events once Penn was inside the dormitory.

Penn contends that he was not acting differently than the rest of the crowd and that he was not inciting anyone to violence. Feeling cold, sick, and suffering from asthma, Penn yelled and pounded on the windows to get the attention of those inside. Once inside, Penn maintains that the officers began beating him for no reason and concocted a reason for his arrest after his unprovoked

beating. Penn also maintains that Harris failed properly to fill out the police report detailing his arrest.

## MACK'S MOTION TO DISMISS

In considering defendant Mack's motion to dismiss, the Court "must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993).

Defendant Mack seeks dismissal of all counts directed at him, arguing that the statute of limitations bars all such claims. Mack states that the statute of limitations is two years for all claims against him, which arise from the events of December 10, 1998. Penn did not name Mack as a defendant until December 17, 2000, when Penn filed his second amended complaint. As a result, Mack asserts that Penn's claims against him are barred.

The two-year statute of limitations for personal injury claims applies to Penn's § 1983 and Illinois state claims against Mack. 735 ILCS 5/13-202. *Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir. 2001). All of Penn's claims against Mack, with the exception of the malicious prosecution claim, accrued on December 10, 1998. Mack was not identified as a defendant until Penn filed his second amended complaint on December 19, 2000. Unless Penn's second amended complaint relates back to the original complaint filed December 12, 1999, Penn's claims against Mack are barred.

Federal Rule of Civil Procedure 15(c) allows an amendment to the pleadings to relate back to the date of the original pleading when:

> (1) relation back is permitted by the law that provides the statutes of limitations applicable to the action, or (2) the claim asserted in the amended complaint arose out of the conduct, transaction or occurrence set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED.R.CIV.P. 15(c). The Seventh Circuit has interpreted Rule 15(c)(3) to permit an amendment to relate back to the original complaint only where an error was made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake. *King v. One Unknown Federal Correction Officer*, 201 F.3d 910, 914 (7th Cir. 2000)(citations omitted).

When plaintiffs fail to sue the correct party because they lack knowledge of the identity of the proper party, they fail to satisfy the requirements of Rule 15(c) and an amendment naming the correct party does not relate back to the filing of the original complaint. *Id.* Such is the case here. Penn did not mistakenly sue the wrong party; he simply did not know the identity of the correct party. His second amended complaint cannot cure this discrepancy, and therefore all of Penn's claims directed at Mack,

except the malicious prosecution claim, are dismissed for failure to state a claim.

Penn's claim for malicious prosecution, on the other hand, would not have accrued until the charges were dismissed. The Court takes judicial notice that the criminal charge against Mack was stricken with leave to reinstate on March 29, 1999. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (A court may take judicial notice of matters of public record.). Thus, the statute of limitations does not bar Penn's malicious prosecution claim directed at Mack.

Before analyzing Mack's motion to dismiss the malicious prosecution claim, however, the Court notes that Penn did not specifically respond to the motion to dismiss. The motion to dismiss was filed at the same time as the motion for summary judgment, to which Penn did respond. It is unclear whether Penn's response was directed solely to the summary judgment motion or to both the summary judgment motion and the motion to dismiss. It is unclear whether Penn had no objection to dismissing the claims against Mack entirely, or wished to resolve the motion to dismiss as a motion for summary judgment.

Nevertheless, the Court will consider the malicious prosecution claim directed at Mack with the malicious prosecution claims addressed below in the motion for summary judgment. A district court may consider a claim for summary judgment even

though neither party has moved for it. *Eliasen v. Itel Corporation*, 82 F.3d 731, 738 (7th Cir. 1996). Although the court must not do so without giving the party against whom the court proposes to enter summary judgment notice of what is in store for that party, *id.*, this is not a problem here. The malicious prosecution claims at issue rest upon the identical factual predicate and legal arguments, which Penn has laid out in full in his response to the summary judgment motion.

### HARRIS AND JONES' MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the non-moving party and draws all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Freeman*

v. *Madison Metropolitan School District*, 231 F.3d 374, 379 (7th Cir. 2000), quoting *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

**Malicious Prosecution and False Arrest Claims**

To proceed under his malicious prosecution claim under § 1983, Penn must establish that (1) he has satisfied the Illinois' requirements for a state law malicious prosecution claim; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). "To state a claim for malicious prosecution under Illinois law, a plaintiff must allege that: (1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in his favor; and (5) there was an injury." *Id.* (citation omitted).

The officers maintain that Penn cannot satisfy the fourth prong of a state malicious prosecution claim requiring that he prove the charges were terminated in his favor. On March 29, 1999, the battery charge against Penn was stricken with leave to reinstate ("SOL"). Courts in this district disagree whether the SOL order of criminal charges constitutes a favorable termination of the case for purposes of a malicious prosecution claim. *Compare David v. Village of Oak Lawn*, 954 F.Supp. 1241, 1244 (N.D. Ill. 1996) *with Devine v. Rubel*, No. 96 C 7619, 1997 WL 392170 (N.D. Ill. 1997). This Court need not enter the debate on whether the

v. *Madison Metropolitan School District*, 231 F.3d 374, 379 (7th Cir. 2000), quoting *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

**Malicious Prosecution and False Arrest Claims**

To proceed under his malicious prosecution claim under § 1983, Penn must establish that (1) he has satisfied the Illinois' requirements for a state law malicious prosecution claim; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). "To state a claim for malicious prosecution under Illinois law, a plaintiff must allege that: (1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in his favor; and (5) there was an injury." *Id.* (citation omitted).

The officers maintain that Penn cannot satisfy the fourth prong of a state malicious prosecution claim requiring that he prove the charges were terminated in his favor. On March 29, 1999, the battery charge against Penn was stricken with leave to reinstate ("SOL"). Courts in this district disagree whether the SOL order of criminal charges constitutes a favorable termination of the case for purposes of a malicious prosecution claim. *Compare David v. Village of Oak Lawn*, 954 F.Supp. 1241, 1244 (N.D. Ill. 1996) *with Devine v. Rubel*, No. 96 C 7619, 1997 WL 392170 (N.D. Ill. 1997). This Court need not enter the debate on whether the

SOL disposition constitutes a favorable termination of Penn's charge, however, as Penn cannot establish that the officers lacked probable cause for his arrest.

The existence of probable cause for Penn's arrest is a complete defense to Penn's false arrest and malicious prosecution actions under both Illinois and federal law. *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir. 1989); *Burghardt v. Remiyac*, 207 Ill.App.3d 402, 565 N.E.2d 1049, 1052 (1991). The determination of probable cause is a mixed question of law and fact. *Ornelas v. United States*, 517 U.S. 690, 696, 116 S.Ct. 1657, (1996); *Cervantes v. Jones*, 188 F.3d 805, 811 (7th Cir. 1999). But when facts sufficient to create probable cause are undisputed, probable cause is a question of law. *Cervantes*, 188 F.3d at 811; *People v. Cooke*, 299 Ill.App.3d 273, 701 N.E.2d 526, 529 (1998). Of course, a dispute concerning some facts relevant to the probable cause analysis does not preclude a finding of probable cause so long as the finding survives after adopting the plaintiff's version of the disputed facts for which there is some support in the record. *Cervantes*, 188 F.3d at 811. Probable cause means "the existence of such facts and circumstances as would excite the belief, in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." *Id.* (citation omitted); see *Frye v. O'Neill*, 166 Ill.App.3d 963, 520 N.E.2d 1233, 1241

(1988). This analysis is based on "'factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" *Humphrey v. Staszak*, 148 F.3d 719, 726 (7th Cir. 1998)(quoting *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302 (1949)). Importantly, the official's subjective belief as to the legal basis of the prosecution is irrelevant; the test for probable cause is an objective one. *Graham v. Connor*, 490 U.S. 386, 398, 109 S.Ct. 1865 (1989)("The Fourth Amendment inquiry is one of 'objective reasonableness' under the circumstances . . .."); *Potts v. City of Lafayette*, 121 F.3d 1106, 1113 (7th Cir. 1997); *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1247 (7th Cir. 1994).

Illinois law provides that a person commits disorderly conduct when he "[d]oes any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace . . .." 720 ILCS 5/26-1. "Disorderly conduct has never had a precise definition; the types of conduct that may be disorderly conduct 'almost defy definition.'" *Biddle v. Martin*, 992 F.2d 673, 677 (7th Cir. 1993)(citations omitted). Whether particular conduct is disorderly therefore depends not only on the conduct itself but also on the conduct's unreasonableness in relation to the surrounding circumstances. *Id.* Three elements are required: the defendant's conduct must (a) be unreasonable, (b) disturb or alarm

another, and (c) threaten to provoke or provoke a breach of the peace. *Id.*

Although arguing with a police officer may not by itself be a violation, other circumstances may lead to the conclusion that an individual's behavior does constitute disorderly conduct. *Id.* "[T]he reasonableness of a person's behavior is necessarily tied to the facts and circumstances of the situation in which he or she is placed[, and]. . . an officer on the job need not have proof beyond a reasonable doubt in order to make an arrest." *Id.* (citation omitted).

Penn does not dispute that he was standing outside with 300 hundred other students who were increasingly angry that they were being kept outside in the cold. He does not dispute that he began banging on the windows and yelling at the officers inside the building. Penn argues that he and the crowd had a legitimate reason to be upset about being kept outside in the cold. He states that others were yelling and banging on the windows as well. He also argues that he was not inciting the crowd. Even if these facts are accepted as true, they do not negate Penn's individual actions. The undisputed facts establish that the officers had a sufficient basis for probable cause to arrest Penn for disorderly conduct.

Penn asserts that the officers did not have probable cause for his arrest. Although he was charged with battery, the officers

maintain that probable cause existed that Penn was engaging in disorderly conduct. Proof of probable cause to arrest Penn on a charge closely related to charge upon which he was ultimately prosecuted is sufficient to defeat his malicious prosecution and false arrest claims. *Kelley v. Myler*, 149 F.3d 641, 647-48 (7th Cir. 1998). Penn argues that battery is not sufficiently related to disorderly conduct because disorderly conduct is not a lesser included offense of battery. Penn misinterprets the law on this point, however. Disorderly conduct need not be a lesser included offense of battery for the charges to be closely related for purposes of determining whether probable cause existed. *Id.* (finding that criminal trespass and resisting a law enforcement officer sufficiently related).

In this case, the officers motioned for Penn to come inside because of his behavior outside the dormitory. The events inside the dormitory remain disputed, but they were set in motion by Penn's undisputed behavior outside. Given the circumstances, the two charges are sufficiently related for purposes of determining whether probable cause existed for his arrest.

Even if probable cause did not actually exist for Penn's arrest, qualified immunity may shield the officers from liability if reasonable officers would have believed that probable cause existed to arrest Penn. *Id.* at 648. In determining whether qualified immunity applies, this court considers: "(1) whether the

plaintiff has asserted a violation of a federal constitutional right, and (2) whether the constitutional standards implicated were clearly established at the time in question." *Eversole v. Steele*, 59 F.3d 710, 717 (7th Cir. 1995). Although qualified immunity is a defense to a § 1983 suit, the burden of meeting the elements of this two-part test rests on the plaintiff. *See Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000).

Because qualified immunity protects all "but the plainly incompetent or those who knowingly violate the law," a law enforcement officer will be immune to claims based on an arrest without probable cause unless "it is obvious that no reasonably competent officer" would have believed that there was probable cause to arrest. *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986). Thus, qualified immunity applies to officials who correctly determine that probable cause to arrest exists and to those who reasonably but mistakenly conclude that it does. *Spiegel*, 196 F.3d at 723. In this context, the law tolerates reasonable error because officials should not err always on the side of caution because they fear being sued. *Id.* (internal quotation marks and citation omitted). Their actions will be cloaked with qualified immunity even if the arrestee is later found innocent. *Jenkins v. Keating*, 147 F.3d 577, 585 (7th Cir. 1998). Thus, the reviewing court should ask whether an official "acted

reasonably under settled law in the circumstances." *Humphrey*, 148 F.3d at 725 (7th Cir. 1998).

Penn's right to be free from arrest without probable cause was clearly established at the time he was arrested. Moreover, the officers faced a crowd of 300, growing angrier by the minute, and confronted individuals yelling and pounding on the windows. As discussed above, these officers could reasonably believe that Penn's behavior constituted probable cause to arrest him for disorderly conduct, entitling them to qualified immunity.

Penn also fails to demonstrate that he suffered an unconstitutional deprivation of liberty. To succeed on his malicious prosecution claim, Penn must show that he suffered incarceration or some other palpable injury. *Spiegel v. Rabinovitz*, 121 F.3d 251, 255 (7th Cir. 1997). His incarceration immediately following arrest is not enough, however. "An arrest and incarceration until an accused can post bail does not constitute a sufficient constitutional deprivation of liberty to meet the deprivation of liberty element of a malicious prosecution claim." *See Mizwicki v. City of Naperville*, No. 96 C 5508, 1999 WL 413501 *11 (N.D. Ill. 1999). *See also Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998) ("A plaintiff who alleges only that he was arrested and detained without probable cause has only pled false arrest.").

Penn argues that he suffered physical injuries from the officers' actions while subduing him. He further alleges that he suffered mentally and had to see a psychologist as a result. Any physical injuries suffered by Penn, however, are related to his excessive force claim, and did not result from the criminal prosecution. Penn also fails to cite any authority in support of his proposition that psychological treatment for depression resulting from a malicious prosecution constitutes a constitutional deprivation of liberty. In any event, it is difficult to conceive of voluntary psychological treatment as a deprivation of liberty in any sense, and certainly not a deprivation of constitutional magnitude.

**Conspiracy**

Penn alleges in Count V of his complaint that the officers conspired to violate his civil rights. The officers point out that Penn further alleges in the complaint that the officers conspired to violate Penn's statutory rights in violation of § 1983. The officers argue that Penn has not identified any statutory rights violated by the officers other than § 1983 itself. Section 1983 is not a source of substantive rights, they assert, and therefore cannot serve as a basis for Penn's conspiracy claim. Penn's response, however, makes clear that he is alleging that the officers conspired to batter him and to accuse him falsely of battering a police officer.

To state a claim under 42 U.S.C. S 1983 for conspiracy, Penn must allege "that the defendants directed themselves toward an unconstitutional action by virtue of a mutual understanding" and must support this with allegations of a "meeting of the minds." *Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir. 1991). Unlike other types of claims, conspiracy is subject to a heightened pleading standard; the plaintiff must allege facts in support of the cause of action. However, Penn need only plead "sufficient facts from which a conspiracy may be inferred; the facts detailing the conspiratorial agreement can be pleaded generally, while those facts documenting the overt acts must be pleaded specifically." *Quinones v. Szorc*, 771 F.2d 289, 290 (7th Cir. 1985). Nonetheless, a plaintiff must also allege that he has suffered an injury over and above the underlying torts at issue. *See Mendez v. Franklin Park Police Officers*, No. 98 C 2694, 1999 WL 202907 *4 (N.D. Ill. 1999).

In *Niehus v. Liberio*, 973 F.2d 526, 530-32 (7th Cir. 1992), the court upheld the trial courts' withdrawal from the jury of conspiracy and malicious prosecution counts in a § 1983 action alleging excessive force by police officers because plaintiff had failed adequately to allege he suffered injury. Plaintiff, who was arrested for drunken driving, alleged that police officers attempted to deprive him of his civil rights by conspiring to suppress at trial evidence of mug shots, taped interviews, and

eyewitness testimony in order to cover up the physical brutality he suffered during his arrest. The court observed that plaintiff did not allege that the conspiracy and malicious prosecution inflicted any injury beyond that of the excessive force itself. *Id.* at 531. Absent injury there is no tort, concluded the court, "and this is true of constitutional as of ordinary torts." *Id.* at 531-32.

"A party may not cry 'conspiracy' and throw himself on the jury's mercy." *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 436 (7th Cir. 1986). In this case, Penn fails to allege any injury beyond the injuries sustained in his battery and false arrest claims. As a result, his civil conspiracy claim must fail.

### CONCLUSION

For the reasons stated above, Wendell Mack's motion to dismiss is granted. All claims directed against him are dismissed. Harris and Jones' motion for summary judgment is granted. Counts V and XIV of Penn's complaint are dismissed.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: March 30, 2001